APPEL, Justice
(concurring specially).
I concur in the court’s decision that the district court’s judgment in favor of Smith and its award of damages for intentional infliction of emotional distress damages *39 should be upheld. I join fully in the court’s opinion on these issues.
With respect to retaliatory discharge, I concur in result only. While I recognize our review is de novo, the district court heard the evidence in this case and necessarily made credibility determinations adverse to Iowa State University (ISU). I do not doubt that ISU was facing serious financial difficulties, that a reduction in employment in the College of Engineering was the only practical alternative in light of fiscal challenges, and that a nonretalia-tory decision was made to focus on administrative rather than teaching staff. But Smith claims that the reorganization that resulted was essentially rigged to result in his discharge, noting, among other things, a memo of a meeting attended by the apparent decision-maker, Dean Wickert, prior to the implementation of the reorganization, identifying another employee as the sole communication specialist to survive change, the manipulation of the job description in a fashion unfavorable to him, the lack of request for writing samples by the committee reviewing finalists, and the unusual procedure of eliminating all positions and hiring anew, thereby improving the prospects for the favored part-time employee to move into the “new” position. An employer cannot avoid liability for tortuous discharge of an employee through a sham reorganization. See Collazo v. Bristol-Myers Squibb Mfg., 617 F.3d 39, 52 (1st Cir.2010) (“An employer may, of course, exercise its business judgment to eliminate positions as part of a company reorganization or reduction in force, even if the individuals in those positions have engaged in protected activity or are members of protected groups. However, an employer may not use ‘reorganization’ or ‘layoff as a convenient excuse for terminating an employee on a discriminatory or retaliatory basis.” (Citation omitted.)); Weston-Smith v. Cooley Dickinson Hosp., Inc., 282 F.3d 60, 69 (1st Cir.2002) (“An employer may not try to shield a discriminatory or retaliatory termination by hiding it in a layoff.”).
While Smith’s position may have legal support, the question remains whether as a factual matter Smith is entitled to prevail on his retaliation theory. The factual issue on retaliation presented to us on de novo rule is, to use the court’s term, “a close one.” But even accepting the notion that the unusual character of the reorganization may have been structured in a fashion unfavorable to Smith’s continued employment, I am not convinced that Smith has shown the necessary causal link between his report of misconduct to the president. Among other things, his discharge occurred three years later after the departure of Reinig and after the relationships within the unit had stabilized. As a result, I concur in the result on the retaliation claim.